IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GARY COKER | § | |
| VS. | § | CIVIL ACTION NO. 1:21-CV-240 |
| JEFFERSON COUNTY CORRECTIONAL FACILITY, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Gary Coker, a former pre-trial detainee at the Jefferson County Correctional Facility, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants the Jefferson County Correctional Facility, Lieutenant FNU Nabors, Lieutenant FNU Albert, Corrections Officer FNU Thomas, Corrections Officer FNU Renals, Major FNU Tunner, and Sheriff Zena Stephens.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Plaintiff's Motion for Default Judgment

Plaintiff filed two Motions for Entry of Default (Doc. #s 25 & 40). While Plaintiff paid the full filing fee in this action, this case is still subject to screening under 28 U.S.C. § 1915A. The Defendants have not been ordered to answer nor has Plaintiff demonstrated he has requested summonses from the Clerk of Court and served the summonses and the a copy of the complaint on the Defendants.

Analysis

Federal Rule of Civil Procedure 55 authorizes the entry of default against a party whom a judgment for affirmative relief is sought when such party fails to plead, or otherwise respond, to the action.

A default judgment is a discretionary remedy. *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). "When an application is made to the court . . . for the entry of a judgment by default, [the court] is required to exercise [its] 'sound judicial discretion' in determining whether the judgment should be entered. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE § 2685. In making its determination, the court is free to consider any number of factors that may appear from the record. The entry of judgment by default is a drastic remedy and should be resorted to only in extreme situations. *E.F. Hutton & Co. v. Moffat*, 460 F.2d 284, 285 (5th Cir. 1972); *see also Effjohn*, 346 F.3d at 563 (emphasizing that defaults are not favored and any doubts should be resolved in favor of the defendant). It is only appropriate where there has been a clear record of delay or contumacious conduct. *Moffat*, 460 F.2d at 285.

There is simply nothing in the record to establish that the Defendants have been served to date and there is no basis to justify entry of default judgment.

<u>Recommendation</u>

Plaintiff's Motions for Default Judgment (Doc. #s 25 & 40) should be denied.

<u>Objections</u>

Within fourteen (14) days after receipt of the Magistrate Judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the Magistrate Judge. 28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an

aggrieved party from *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Servs. Auto. Assoc'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 31st day of May, 2022.

Zack Hawthorn
United States Magistrate Judge